

**null / ALL**
**Transmittal Number: 27123059**
**Date Processed: 06/16/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Kathleen Ford Bay vs. Nationwide Mutual Insurance Company, and John Darren Ingram |
| **Matter Name/ID:** | Kathleen Ford Bay vs. Nationwide Mutual Insurance Company, and John Darren Ingram (14208471) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-23-002862 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 06/16/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Baker Law<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**DEFENDANT'S**
**EXHIBIT A**

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-23-002862**

KATHLEEN FORD BAY

, PLAINTIFF(S)

vs.

NATIONWIDE MUTUAL INSURANCE COMPANY; JOHN DARREN INGRAM

, DEFENDANT(S)

TO:    **NATIONWIDE MUTUAL INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701**

Defendant. in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **May 26, 2023** in the **419th District Court** of Travis County, Austin, Texas.
ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **June 02, 2023**

REQUESTED BY:
**Baker, Kevin S**
**401 S. AUSTIN ST.**
**ROCKPORT, TX 78382**



Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Rosa Oneal, Deputy**

RETURN

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____M., by delivering to the within named _____, each in person, a true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS
**D-1-GN-23-002862**

_____ County, Texas

**SERVICE FEE NOT PAID**

5/26/2023 4:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-002862
Rosa Oneal

D-1-GN-23-002862

CAUSE NO. _____

| | | |
|---|---|---|
| KATHLEEN FORD BAY | § | **IN THE DISTRICT COURT** |
| | § | 419TH, DISTRICT COURT |
| VS | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| NATIONWIDE MUTUAL INSURANCE | § | OF TRAVIS COUNTY, TEXAS |
| COMPANY; AND JOHN DARREN | § | |
| INGRAM | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Kathleen Ford Bay, hereinafter referred to as "Plaintiff," complaining of Nationwide Mutual Insurance Company, (hereinafter referred to as "Nationwide," "Insurance Company" and "Defendant,") and John Darren Ingram ("Defendant," "Adjuster"), and would show the Court and Jury the following:

## DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 pursuant to Rule 190.4, Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

Plaintiff, Kathleen Ford Bay, is an individual and resident of West Lake Hills, Texas.

Defendant Nationwide Insurance Company is in the business of insurance in the State of Texas. The insurance business performed by Defendant in Texas includes, but is not limited to,

1

the following:

- The making and issuing of contracts of insurance, including with the Plaintiff;

- The taking or receiving of applications for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

- is a "Domestic" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

Defendant Nationwide Mutual Insurance Company may be served by serving citation upon its registered agent Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Defendants John Darren Ingram is employed by, and services claims on behalf of Nationwide Insurance Company and may be served by serving citation at 1 Nationwide Plz., Colombus, Ohio 43215-2226.

## JURISDICTION AND VENUE

Venue is appropriate in Travis County, Texas because all or part of the conduct giving rise to the causes of action were committed in Travis County, Texas and the Plaintiff and property which is the subject of this suit are located in Travis County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## FACTS

1. Plaintiff is holder of Nationwide Mutual Insurance Company Policy No. 7842 HR 153757 issued by Nationwide Mutual Insurance Company (hereinafter referred to as the "Policy").

2. Plaintiff owned the insured property, which is specifically located at 709 Lost Canyon, West Lake Hills, TX 78746 on or about May 28th, 2021 (hereinafter referred to as the "Property").

3. Nationwide Mutual Insurance Company or its agent sold the Policy, insuring the Property to Plaintiff.

4. On or about May 28th, 2021, Plaintiff's Property sustained water damage as a result of a thunderstorm/high wind event.

5. In accordance with the Policy requirements, Plaintiff promptly reported the loss to Nationwide Mutual Insurance Company. Plaintiff asked that Nationwide Insurance Company cover the cost of repairs to the Property pursuant to the Policy.

6. Defendant assigned Claim No. 971988-GL to Plaintiff's claim.

7. Plaintiff gave prompt notice of its claim to Defendant. After providing such notice, Defendant assigned desk adjuster John Darren Ingram, (hereinafter "Defendant Adjuster," "Defendant" and "Ingram") to manage the claim.

8. Plaintiff continued to email and call Ingram and received no or delayed responses. Plaintiff's communications indicated frustration with Ingram's intentional lack of communication and response to Plaintiff's questions.

9. After over two months with no response, Plaintiff had to communicate with Nationwide's Office of Customer Relations to get Ingram's supervisor to even call her back. Only then did Defendant revise its Property damage estimate and address some, but not all, of

Plaintiff's questions and concerns.

10.     Defendant Ingram inspected the home and prepared an estimate. Ingram submitted an estimate for less than $9,000.00 for repairs.    Following Ingram's initial estimate, Defendant had Ingram reinspect the home and prepare a second estimate. Ingram submitted a supplemental estimate for $18,045.00 for repairs.

11.     However, the second estimate ignored several obvious damages, including but not limited to, replacing the railing on the living room stairs as it was removed due to water damage on the wall adjoining it; tile that was chipped during the remediation; obvious location issues such as steep elevations; narrow streets; and erroneous estimates of the Property's age. All of these issues were raised by Plaintiff, through emails, phone calls and contractor's estimates.   Defendant ignored Plaintiff for months before admitting that the estimate was wrong.

12.     Subsequently, Plaintiff had no choice but to ask for assistance from and ultimately retain public adjuster Jamie Wesselski of WesGroup (hereinafter "Wesselski") to assess the full extent of the Property's damage and to help with communicating with Nationwide. While both investigations revealed water damage to the property, Wesselski's investigation demonstrated that the extent of the water damage was far more severe than Defendant's estimate, yet all employees and agents of Nationwide referenced herein disregarded this information.

13.     Ingram's lack of knowledge, experience and decency went outside of the scope of his employment for Nationwide and violated his duties as an adjuster in Texas.

14.     Throughout the claims process, it is apparent that Nationwide's intent was to delay, deny, confuse and do anything possible to not pay the Plaintiff's claim.

4

15. The damage described herein was directly caused by sudden and accidental direct physical loss or damage to covered property, a covered peril under Plaintiff's policy. In filing the claim, Plaintiff expected Defendants to conduct a prompt and thorough loss investigation; however, Defendant failed to adequately inspect the property for all loss-related damages and the causes thereof.

16. Because of the improper and outcome-oriented investigation, the handling of Plaintiff's claim has been delayed and improperly denied, portions of which remain wholly unaddressed to this very day, all of which have resulted in Defendant's failure to make a full, complete, and timely claim payment.

## CAUSES OF ACTION AGAINST INSURANCE COMPANY HOAIC

### A.    BREACH OF CONTRACT

24. All facts and allegations above and below are incorporated herein.

25. Defendants' conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendants' failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.    UNFAIR SETTLEMENT PRACTICES

26. All facts and allegations above and below are incorporated herein.

27. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

28. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff

material facts, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

29.    Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

30.    Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

### 2.    THE PROMPT PAYMENT OF CLAIMS

31.    All facts and allegations above and below are incorporated herein.

32.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.   All violations made under this article are made actionable by TEX. INS. CODE §542.060.

33.    Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, and/or Defendant's failure to investigate one of the specific causes of loss constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

34.    Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for a period of time longer than

provided, as described above, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

C.    **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

35.    All facts and allegations above and below are incorporated herein.

36.    Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

37.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## CLAIMS AGAINST DEFENDANT ADJUSTER

38.    All facts and allegations above and below are incorporated herein for each Defendant Adjuster.

39.    Defendants were negligent in their actions with regard to the adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a.  Failure to conduct a reasonable inspection;

   b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

   d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

   e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

40.     Defendants' acts and/or omissions constitute negligence. Their conduct was therefore a proximate cause of the damages sustained by Plaintiff.

41.     At all relevant times, Defendant was an agent or employee of Defendant Nationwide, or acted individually in their capacity as adjuster.

42.     With regards to Defendant Ingram, Plaintiff alleges said Adjuster made specific misrepresentations in violation of the Texas Insurance Code §541.002, §541.060, §541.061, and §541.003 to include, but not limited to, misrepresenting the scope of damages caused by the covered wind/hail peril and subsequent claim. Said Adjuster, as independent actor and/or agent of Nationwide, also misrepresented the true cost of repairing all of the damages caused by the storm and resulting in and/or subsequent claims made by the Plaintiff. Consequently, Defendant Nationwide significantly underpaid the claims to the detriment of the Plaintiff. Ingram acted with actual awareness and/or omission that he was misrepresenting the true scope and cost of repair in the estimate that each prepared and/or reviewed.

43.     The Defendant Adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code.

44.     The Defendant Adjuster intentionally misled Plaintiff. The acts and omissions of the Defendant violate §541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages. Further, the above-named Adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the Property and failing to inspect all affected areas; said named Adjuster undervalued damages, failed to allow for adequate funds to cover the costs of repairs and set out to deny properly covered damages. These actions on the part of the

8

Defendant resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured home.

45.    Ingram conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the Policy in relation to the facts or applicable law, for the claim decision. Ingram's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

46.    Specifically, when Ingram inspected the Plaintiff's Property, he initially estimated the total damages to be **less than $9,000.** Ingram limited his scope of damages to include only a portion and not the entire Property.

47.    Ingram promised payments per the Policy and then changed his mind or blamed his supervisor for the inability to pay.

48.    According to conversations with Ingram, Plaintiff will show that Ingram was unfamiliar with Texas law, did not take the time to learn or attempt to adhere to the Texas Insurance Code, was untrained on the mandatory standards, customs and overall claims handling process in Texas and therefore, both independently and as an agent, violated the Plaintiff's rights.

49.    Ingram's blatant disregard and deliberate ignoring of potential damages caused additional and future damages of untold amounts.

50.    Because of the improper and outcome-oriented investigation by the Defendant Adjuster, the handling of Plaintiff's claim has been delayed and improperly denied, portions of which remain wholly unaddressed to this very day, all of which have resulted in Defendant's failure to make a full, complete, and timely claim payment.

## CAUSES OF ACTION AGAINST DEFENDANTS

### A.    BREACH OF CONTRACT

51.    All facts and allegations above and below are incorporated herein.

52.    Defendant's conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

54.    All facts and allegations above and below are incorporated herein

55.    Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

56.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

57.    Each of the acts described above, together, and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

58.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

59.   As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

60.   For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

62.   For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

64.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary

services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

65.    In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that:

66.    The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to repair the damages.

67.    In the alternative, any other construction of the language of the policy is void as against public policy;

68.    Any other construction and its use by the Defendant violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

69.    Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

70.    Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

71.    In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

72.    In the alternative, Defendant are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

73.    In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## ATTORNEY FEES

74.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

75.    Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to TEX. 8 CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

76.    Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting this causes of action through trial and any appeal pursuant to Sections 541.152 & 542.060 of the Texas Insurance Code. The damage described herein was directly caused by sudden and accidental direct physical loss or damage to covered Property, a covered peril under Plaintiff's Policy. In filing the claim, Plaintiff expected Defendant to conduct a prompt and thorough loss investigation; however, Defendant failed to adequately inspect the Property for all loss-related damages and the causes thereof.

77.    All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## JURY DEMAND

Plaintiff asserts its right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $40.00, as required by Texas Government Code Section 51.604.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to

13

appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, consequential damages, and all punitive, additional, and exemplary damages as may be found.   In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, pre-judgement and post-judgment interest as allowed by law, and any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

BAKER LAW
401 S. Austin Street
Rockport, TX 78382
Phone: (361) 355-8855
Fax: (361) 360-3848


_/s/ Kevin S. Baker_
Kevin S. Baker
State Bar No.: 00797799
Baker Law
401 S. Austin Street
Rockport, TX 78382
Email: kevin@ksbakerlaw.com

_/s/ Kristen Barnebey_
Kristen Barnebey
State Bar No.: 00795863
Baker Law
401 S. Austin Street
Rockport, TX 78382
Email: kristen@ksbakerlaw.com

**ATTORNEYS FOR PLAINTIFF**

14

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kevin Baker on behalf of Kevin Baker
Bar No. 797799
kevin@ksbakerlaw.com
Envelope ID: 76063784
Filing Code Description: ORIGINAL PETITION/APPLICATION - (OCA)
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 5/30/2023 2:51 PM CST

Associated Case Party: KATHLEENFORDBAY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kevin SBaker | | kevin@ksbakerlaw.com | 5/26/2023 4:21:58 PM | SENT |
| Molly Baker | | molly@ksbakerlaw.com | 5/26/2023 4:21:58 PM | SENT |
| Kristen Barnebey | | kristen@ksbakerlaw.com | 5/26/2023 4:21:58 PM | SENT |
| Janina Fuentes | | janina@ksbakerlaw.com | 5/26/2023 4:21:58 PM | SENT |
| Chloe Noonan | | chloe@ksbakerlaw.com | 5/26/2023 4:21:58 PM | SENT |



U.S. POSTAGE PAID
FCM LG ENV
CORPUS CHRISTI, TX
7840
JUN 14, 23
AMOUNT
**$6.13**
R2304M115678-07

78701

RDC 99

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 0642 9187 39

4801 Everhart #61000
C.C. TX 78411

Nationwide Mutual Insurance Co
By serving its Registered Agent
Corporation Service Company
211 East 7th Suite 620
Austin, TX 78701